## Commonwealth v. Van Horn

*A. Francis Gilbert*, for Commonwealth; *Miles I. Potter*, for defendant.

LESHER, P. J., August 24, 1933.—The above-named defendant, Charles Van Horn, was tried before the February sessions of the Court of Quarter Sessions of Snyder County, Pa., on a charge that he did unlawfully, wilfully, and maliciously take a female child under the age of 16 years, to wit, one Dorthea R. Brouse, for the purpose of sexual intercourse.

The jury in this case brought in a verdict of guilty. The jury, at the request of the defendant, was polled. Upon the poll of the jury, John Dunkelberger, one of the jurors, replied that he guessed he found the defendant guilty. This juror, later on, filed an affidavit to the effect that the verdict of guilty was not his verdict, and that he arrived at this verdict of guilty under duress and coercion from some of the other jurors.

Testimony was afterwards taken, and it was denied on the part of several jurors called that there was any duress or coercion on the part of any juror towards Mr. Dunkelberger.

Mr. Dunkelberger, however, testified that he was also told that the verdict stood 11 to 1 for guilty, that he was given to understand that the majority ruled, and that he finally agreed on the verdict of guilty because he felt that he had to, and because all the jurors excepting himself found a verdict of guilty, and that would be the verdict anyway.

The trial judge, in his charge to the jury, failed to advise them that any verdict which they arrived at must be the verdict of all 12 of the jurors. The jurors may have been misled as to this right, as a member of this jury insists at the time of the taking of the testimony that he did not think the defendant guilty, and was not willing so to find him, but agreed to the verdict of guilty because he was compelled to, and because he was advised and believed that the majority of the jury must rule.

The court does not care to encourage going into the matter of the deliberations of a jury, and had the trial judge instructed the jury in his charge that any verdict which they arrived at must have been the verdict of all 12 of them the court would not consider a new trial.

A number of reasons for a new trial have been filed, but the court is of the opinion that the reasons filed are without merit. However, the charge upon which the defendant was tried is a grave charge, carrying with it a penalty of fine and imprisonment, and the court feels that all persons, especially persons charged with crime, should be given a fair and impartial trial and, therefore, in the light of the testimony of the juror, and particularly the failure of the

trial judge to instruct the jury as to their rights and duty in the matter of arriving at a verdict, and that any verdict they arrived at must be agreed to by all 12 of them, the court feels that a new trial should be granted.

And now, August 24, 1933, the defendant, Charles Van Horn, is allowed a new trial, and he is directed to appear at the next regular term of the Court of Quarter Sessions of Snyder County, Pa., on Monday, October 2, 1933, at 9 a. m., for trial. From A. Francis Gilbert, Middleburg, Pa.